**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Dan Anthony Dearybury, Appellant,

v.

Wanda Kim Green Dearybury, a/k/a Kim Fellner, Respondent.

IN RE:

Dan Anthony Dearybury, Plaintiff,

v.

Wanda Kim Green Dearbury, Defendant.

Appellate Case No. 2016-001206

Appeal From Spartanburg County
James F. Fraley, Jr., Family Court Judge

Unpublished Opinion No. 2018-UP-159
Submitted March 1, 2018 – Filed April 18, 2018

**AFFIRMED**

David Alan Wilson, of Wilson & Englebardt, LLC, of Greenville, for Appellant.

William Hardwick Rhodes and Richard H. Rhodes, both of Burts Turner & Rhodes, of Spartanburg, for Respondent.

————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo."); *Lewis v. Lewis*, 400 S.C. 354, 361, 734 S.E.2d 322, 325 (Ct. App. 2012) ("[W]hile this court has the authority to find facts in accordance with its own view of the preponderance of the evidence, 'we recognize the superior position of the family court . . . in making credibility determinations.'" (quoting *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011))); *id.* ("Further, de novo review does not relieve an appellant of his burden to 'demonstrate error in the family court's findings of fact.'" (quoting *Lewis*, 392 S.C. at 392, 709 S.E.2d at 655)); *Ex parte Capital U-Drive-It, Inc.*, 369 S.C. 1, 12, 630 S.E.2d 464, 470 (2006) ("In deciding whether to seal or unseal a court record, the court must . . . weigh the need for secrecy against the right of access. The burden is on the party who seeks to overcome the presumption of access to show that the interest in secrecy outweighs the presumption."); *id.* ("The court must consider the following factors, pursuant to . . . Rule 41.1, SCRCP: (1) ensuring the parties' right to a fair trial or hearing; (2) the need for witness cooperation; (3) the reliance of the parties upon expectations of confidentiality of the proceeding; (4) the public or professional significance of the proceeding; (5) the perceived harm to the parties from disclosure; (6) why alternatives other than sealing the documents are not available to protect legitimate private interests; and (7) why the public interest . . . is best served by sealing the documents. In addition, the court may consider (8) public interest in the proceeding; (9) the private or public status of the litigants and case generally; (10) whether release would enhance the public's understanding of an important historical event; (11) whether the public already has access to information contained in the records; (12) whether a particular decision will sustain or offend the fundamental interests of public access, and any other relevant factors."); Rule 41.1(b), SCRCP ("In family court matters, the judge shall also consider whether documents: 1) contain material which may expose private financial matters which could adversely affect the parties; and/or 2) relate to sensitive custody issues, and shall specifically balance the special interests of the child or children involved in the family court matter.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.